UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-24656-CIV-KING/BECERRA

ARMOR CORRECTIONAL HEALTH
SERVICES, INC.,

    Plaintiff,

v.

BRUCE TEAL,

    Defendant.

_____/

**PLAINTIFF ARMOR CORRECTIONAL HEALTH SERVICES, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EXPERT OPINIONS NOT CONTAINED IN RULE 26 EXPERT REPORTS AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, Armor Correctional Health Services, Inc. ("**Armor**"), by and through undersigned counsel, pursuant to Southern District of Florida Local Rules 7.1, hereby files this Reply in further support of its *Motion* in Limine *to Preclude Expert Opinions Not Contained Rule 26 Expert Reports and Incorporated Memorandum of Law* (ECF No. 77, the "**Motion**"), and in response to Defendant Bruce Teal's ("**Teal**") Notice of Non-Opposition in Response thereto (ECF No. 92, the "**Response**"). Teal's Response asserts that he consents to the relief sought in Armor's Motion subject to two clarifications (Resp., ECF No. 92, at p.1), to which Armor responds as follows:

    *First*, Armor agrees that Teal may seek to elicit opinions timely disclosed within Mr. Tennant's rebuttal report.

    *Second*, Armor agrees to supplementation of expert reports based on "relevant new information becom[ing] available" as outlined in Teal's Response, provided that the specific potential supplementation contemplated by Mr. Deppman based on the later availability of Armor's audited financials is limited to "adjustment" of calculations as contemplated, and not new or additional opinions. Such supplementation must be provided in a supplemental expert

58214729;1

report, and Armor must have the ability to depose Mr. Deppman about the supplementation if Armor deems it necessary.

WHEREFORE, for the foregoing reasons, Plaintiff Armor Correctional Health Services, Inc., respectfully requests that this Court enter an Order precluding counsel for either party from seeking to elicit from their own experts opinions that are not contained in the four corners of the expert's Rule 26 report, or opinions that rely on facts or data not disclosed or identified in the expert's Rule 26 report, as clarified within this Reply, together with such other and further relief as the Court deems just and equitable under the circumstances.

Dated: May 24, 2021                                   Respectfully submitted,

By: */s/ Aleksas A. Barauskas*
Aleksas A. Barauskas, Esq.
Florida Bar No. 68175
Email: aleksas.barauskas@akerman.com
Melanie Kalmanson, Esq.
Florida Bar No. 123855
Email: melanie.kalmanson@akerman.com
**AKERMAN LLP**
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

*Counsel for Plaintiff, Armor Correctional Health Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2021, a true and exact copy of the foregoing was served on the following individuals via the Court's CM/ECF system:

**Russell B. Morgan, Esq.**
**Kimberly Ingram, Esq.**
Bradley, Arant, Boult, Cummings, LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-2311
Email: rmorgan@bradley.com
kingram@bradley.com

**Jennifer Olmedo-Rodriguez, Esq.**
**Daniel R. Lazaro, Esq.**
Buchanan Ingersoll & Rooney PC
One Biscayne Tower
2 S Biscayne Boulevard, Suite 1500
Miami, FL 33131
(305) 347-4080
Email: jennifer.olmedo-rodriguez@bipc.com
marilee.tamesolmedo@bipc.com
dan.lazaro@bipc.com
kearil.abraham@bipc.com

*Counsel for Defendant*

                                       /s/ Aleksas A. Barauskas
                                       Aleksas A. Barauskas, Esq.
                                       Florida Bar No. 68175